If it pleases the Court, my name is Charles Talbot. I represent Mr. Berry. Good morning. This is a Social Security Disability Appeal of Mr. Berry's denied Social Security Disability claim. There was a hearing before an ALJ in this case, and the denial was at Step 4 of the sequential evaluation process, although there was some testimony at the hearing about information at Step 5, but there's nothing reflected in the judge's decision about that testimony. The fact of the case here is that we believe that the overriding issue in the case is the view of the ALJ that prescription narcotic pain medication is not to be considered in viewing employability. That's reflected in the... This is the methadone? Yes, and Percocet and Oxycodone, which he... Well, what do you... It's not clear to me exactly what you're depending on in contending that it should be considered. I mean, what authority is there? Is there a security rule or a case or what? No, there's no specific case that we've found that specifically addresses this issue. What we do see here is that, and I think what we as practitioners understand, is that the DOT is terribly out of date. The job in this particular case, that of a commercial driver, was last changed in the DOT in 1988. Well, it may be out of date, but isn't the ALJ directed to look at the DOT? Indeed, but there are cases that say that the DOT is not the only source of information about jobs. The ALJ is allowed, and case law supports this, that they can look outside the DOT for information about jobs. What's the other source that makes this like a job qualification? We have a federal law that was passed three years after the last amendment in the DOT to this particular job that mandates drug testing of commercial drivers at the federal level, and the states have adopted these same rules. There's a uniform law that's been adopted, as I believe in almost every state that I'm aware of, that follows the federal law that mandates drug testing for all commercial drivers. What did you try to, as far as I can tell, the only thing, the evidence you tried to introduce about this, I mean, you said it, but you didn't put in, I don't know, whoever it was before the agency, did not actually put in all the information that you're now putting in about the state and federal requirements. As you just said, it's very prevalent now. And then you tried to cross-examine the vocational expert and weren't allowed to do that. So is that really what you're relying on, the fact that you did try and put in some evidence and that you weren't allowed to do it? Yeah, quite frankly, I didn't expect the judge to just simply say, no, you can't ask the questions. I know, and having dealt in other matters, that this is a requirement. As we wrote in the brief – Did you make like an offer of proof or something like that? In other words, what answer did you expect the VA to give? We did. There was interplay between myself and the judge, and I told the judge that it's our belief that this is a bona fide job required, mandated by statute. He said, okay, fine. And then I started to ask the vocational expert questions in this area, and he cut me off and said, I'm not going to let you ask the question, because I said I have to make my record. So then I made an offer of proof and advised the judge that these requirements are mandated to qualify to continue to work in this area. And he accepted my proffer, and we went on. It seemed to be, if I'm recalling correctly, he thought you were focused on driving as if that was a sine qua non of your client's ability to work. And wasn't he saying, well, he's a courier, and it doesn't depend on – I mean, it's much broader than someone having to drive and have a commercial driver's license. Is that right? Well, the law in the state of Washington says if you drive a commercial vehicle, you've got to have a commercial driver's license. Well, what was his past relevant work? Was it a courier driver? He worked for DHL before they went out of business. No, is there something in the record that says for that past work, Mr. Berry was required to have a commercial driver's license? Yeah, he's testified that he had a commercial driver's license. I mean, that was required as, you know, a required qualification of the job. Indeed, he had to have it for the entire time. But that says, as is prior, in terms of a broader scope of courier, did he need – he couldn't be a courier if he couldn't have a commercial driver's license? That's right. A prerequisite to being a courier or a commercial driver is a CDL. I think what Judge Fischer is saying is that the DOT explanation of courier includes people who don't drive. It includes people who ride bikes or walk or take public transportation. But that isn't what the judge relied on in not allowing you to make this inquiry. Is that right? Did the judge ever mention that, that he could have been a courier without driving? No, that's not – that never came up. It was just we're not going to let you testify or have evidence about the prescription medications. In a sense, that doesn't matter because what the LEJ found was that he was able to do his past relevant work, right? Indeed. Indeed. And his past relevant work was, as you say, a job that required a commercial driver's license. Yeah, but the judge did so on the basis of I'm going to restrict my view. On the DOT. Strictly on the DOT and nothing else. And as we pointed out, the DOT is not all-inclusive, and we cited examples of lawyers, accountants, nurses, as people who have to meet licensure requirements to be employed in whichever profession they choose to. But those licensure requirements are not spelled out in the DOT. What's your best authority, case authority, that we should go beyond the DOT? Or for that matter, reject the DOT? No, I'm not suggesting the DOT be rejected at all. That's not my position. Our position is that the DOT is not the exclusive source of information about employment. So it should be supplemented by other information. Exactly. In other words, and I think as we know, there are licensure requirements as attendant to a variety of jobs that aren't spelled out in the DOT. There are kind of two different things. One is that if you have, I mean, for example, I suppose if you have somebody whose past relevant work was as a lawyer and he had been disbarred, I assume that they couldn't say that he could do his past relevant work because he's not qualified to do his past relevant work. If he can't meet the licensure requirements for whatever reason, he can't be a lawyer. But you're arguing something a little different. You're arguing that this is actually an aspect of his physical condition, essentially. I mean, that the reason he won't be able to do this is really connected to his disability because he has to take this medication and the medication is what makes him disqualified. Yes. Now, one problem is you haven't really proven that he would be disqualified. But, again, you would say that's because you didn't get to ask the V.E. I mean, we don't really know whether whatever he was taking would have disqualified him. Well, I would have liked to have asked the questions of the vocational expert, but I'm barred from doing so. I've cited the federal law that went into effect three years after the last DOT. But it didn't say his amount of methadone would have disqualified him as such, did it? It's not an amount. It's whether it's present. Well, you have to take a urine test or a blood test, and it's an absolute disqualifier if there's any narcotic medication in your system. So it isn't, you know, if it's below a certain level, that's not the issue. If it's there at all. Why don't you let us hear from the government, and you'll have some time to reply then. Thank you. Good morning. Jamala Edwards, representing the commissioner. Here we have, this is a well-known tenet of Social Security law, that we're not looking whether someone can actually obtain the job or if the work even exists, but whether their physical and mental abilities allow them to perform that job. But we do look at whether the job even exists. I mean, there has to be some job that exists, right? And if they can't get a job of the kind we're describing because of some physically related problem, which they simply will not be able to qualify, why isn't that dispositive? Well, in this case, Mr. Berry actually, the medical records show that he is stable on medication, and that his side effects have not been so overwhelming to him. That goes to dizziness. He complained of it one time. No, but what counsel's arguing is that in order to achieve that stable condition, he has to take methadone and these others that have opiate characteristics, and therefore he wouldn't be able to get the license required, pass the licensing test, to perform the job that he had before, which was a driving courier. So what's the response to that? Well, my response would be that question is really irrelevant to the ALJ because he's not looking at whether — What is it? I mean, the ALJ found he could do his past relevant work, right? Right, but not whether he — How can he if he can't get a license? Well, the regulations say if he — we find if you can physically and mentally do the job, that you are not disabled without regard to whether you can actually obtain the job. Not obtain the job, obtain the license to be qualified for the job. That's not whether you can obtain — The regulation doesn't address that, right? Am I correct? Well, what we would say is that by way of saying whether you can obtain the job is a license — There are lots of jobs, as Mr. Talbot says, that require licensure. I mean, you know, teacher, lawyer, right? You know, doctor, commercial truck driver, airline pilot. So are you saying that whether or not if some medication the person takes, is required to take because of his medical condition, makes that person ineligible to get a license, you're saying that has nothing to do with whether the person is disabled under the Social Security law? It's completely irrelevant? Well, correct. Is that your position? Yes, well, as the Supreme Court has held, a step for finding that a claimant could perform a past relevant work is really just a proxy to show that they could perform some work, because the vast majority of claimants will be able to perform. But it's your position that whether or not a person is disqualified from being licensed for that past relevant work, regardless of what the work is, if it requires licensure, because of the medication the person is required to take is a totally irrelevant question to Social Security disability determination. Yes, we just look at their residual functional capacity and their vocational abilities. We look at their age, education. Suppose, for example, somebody had all the physical and mental qualifications to be a lawyer, but had never passed the bar, right? So this has nothing to do with their physical qualifications, but they don't have a license to be a lawyer. Could the ALJ find that their residual functional capacity allows them to be a lawyer, and so that's the evidence that they can work? I would suppose, I would say in a case like that, I would hearken back to what you said earlier about whether someone had been disbarred. That would be, we'd look at their past relevant work and the type of work they had done. So you'd say that somebody who'd been disbarred has the capacity to do their past relevant work. Correct. That can't be right. Well, you know, it's the proxy. Well, it's a proxy for whether they can possibly get a job. Now, I mean, as I understand this case, if we reverse and remand, he could still get to step five and find he could do some other work. Correct. But the question is, how could he find he could do this work? Well, the, is the agency supposed to be familiar with each state in the union's licensing requirements for a particular job? The DOT does not say anything about licensing requirements for a courier. This particular job that this particular claimant had did have licensing requirements. Now, Mr. Talbot has brought up that it's become a federal law that commercial driver's license need to have licenses. Well, we also discussed that he could do it by bicycle perhaps or he could be a foot courier as well. All of these are reasonable under the DOT. But it wasn't his, as I understand the past work, and you can tell me if I'm right, it has to be past work in two senses. He has to be eligible to do it as he did it and also in general. Correct. He's not, even if he's eligible in general, in other words, even if we say, well, that would include foot couriers and so on, he wasn't eligible to do it as he did it. Well, if he could not pass the licensing, which we don't know because evidence has not been presented on that, then, yes, he couldn't do that particular job for DHL. But the reason that it wasn't presented is because the ALJ didn't allow it to be presented. But the reason why it wasn't allowed is because it's not part of the regulations. It's not part of the regulatory scheme to find someone disabled. What if his past relevant job was airline pilot and everything else is the same except he was an airline pilot? Is your argument that even though it is absolutely clear he would not be allowed to fly a plane with methadone in his system, but that was necessary to make him otherwise physically able to work, that that would, he would still, the ALJ could still find, therefore he was physically and mentally capable of performing his past relevant work as an airline pilot? Yes. Okay, and then the theory would be that's fine, he could do it, but then as an actual matter he can't do it, so what would be the next step? Would you go to step five or he'd just be out of luck at step four? Well, the regulations in case law tell us to adjudicate the case at the first step that we're able to do so. Right. So what you're saying is that even if this person could not do, in fact, the job, the ALJ because the regulations don't provide for licensure, even though everybody in the room would know that this guy couldn't and wouldn't and you wouldn't want him to be flying your plane, he can say, but you're still qualified to do it physically and mentally. Right. That's the regulatory scheme as we have it right now. That's what Congress has given to us, and we would argue that the agency's interpretation of their own rules is reasonable. I gave you the lawyer hypotheticals before. Those have to do with whether he's qualified in one sense, but here I don't even see how you can say he's physically qualified. He isn't physically qualified because he has something in his system that disqualifies him, so how is he physically qualified? Well, when he's taking the methadone, he's as able-bodied as anyone can be. He's able-bodied, but he's physically disqualified, i.e., because of some condition of his body. Well, in that case, you know, maybe one could argue that the ALJ should have continued on to Step 5 in this case and found that he could have done surveillance of the monitor. That's essentially the issue, isn't it? I mean, that's the issue. The issue isn't whether he was right, The only issue at this point was, was he right about Step 4? That's the only question. It could well be there are other jobs he could do, but... Perhaps he should have, but the case as it is right now shows that he can physically and mentally do the job. We don't look at the licensing. As I said earlier, the regulations specifically say it's not about whether you can get the job. You know, that's been established in Van Haan with the herbalist. Suppose somebody is, one of the qualifications for the job is that you speak English, as opposed to Spanish, right? Now, the person can physically and mentally do the job, but they're not going to get the job because they don't speak English, and so that's just irrelevant? I mean, the qualifications for the job have to go into this. Well, they do. We look at the age, education, the skills of the person, and the DOT, one of the things that has in it is language and how much you need. So a skill, it doesn't include what licenses you can get? No, it doesn't. It doesn't include that. But again, I would say that the Step 4 job of courier is merely a proxy for the vast majority of other jobs that he could perform. If you find that he could perform a courier job, he could perform thousands of jobs that exist in the national economy, and it's clear that we should adjudicate at the first step because Step 5 is a very time-intensive, difficult type of analysis. Well, so as I take it, then part of the argument is that at Step 4, although Barry's specific job was a courier driver at DHL, past relevant work is broader. It means whatever is described in the DOT as a courier. Is that what you're saying, that past relevant work is? I wouldn't say. Is that something that goes on at Step 5? I wouldn't say it's broader. I would say it's a representative occupation. But would that include a commercial driver's license? That a representative occupation would? Yeah. Well, licensing is, as I said before, is not part of our analysis. Well, to be a driver, he has to have a license in any event, right? I am not familiar with all the laws of Washington State. Well, what you're saying is, well, aren't you saying this, part of his past relevant work includes like being a bicycle courier? Is that part of his past relevant work? Because it's in the DOT? Not as he described it, but the courier job as defined in the DOT says it can be more than just the driving. That's why I asked you what I asked you before. My understanding is that for the past relevant work, just let me try it again to see if it's right. The past relevant work has to be not only the general description, i.e., which includes bicycle riding, but also has to be able to do that and he also has to be able to do what he actually did, which in this case is driving. Is that right? That's what I see in the case law or in the regulations. Right. What you said before, Your Honor, is correct. And they can look at the past relevant work either as actually performed or as generally performed. Either or both? Either. I thought it was both. I thought it was both. I thought he has to be able to do both. Well, if he makes a finding that he can do it as actually performed, he doesn't have to say as generally performed as well. Let me see if I can find the case. That's why I've been trying to figure that out. Okay. Well, your time is up. And if you think of a case, you can cite it. I think Pinto v. Massonari speaks quite a bit about past relevant work. Pinto? All right. Thank you. We'll look at Pinto. All right. Thank you very much. Excuse me. Judge Hashime, you asked the question when I was up here first about authority for the position that the DOT is not the sole source of information, and I'd refer you to the Johnson v. Shalala case that we cited on page 27 of our brief. It reports in that, and that's a decision of this Court, and it reflects the fact that the DOT itself acknowledges the fact that it's not complete, it's not fully comprehensive, and so references to outside sources is appropriate. The other comment I would make is that the government's position in this case is that, aside from the CDL, a courier driver doesn't even need a driver's license because that's not in the DOT. What's your view of the question that Judge Berzon asked as to whether past relevant work has to be both or either? I think that past relevant work is, in fact, past relevant work as performed. Whatever you, as performed only? What Pinto actually says is, quoting CFR something or other, the claimant must be able to perform the actual functional demands and duties of a particular past relevant job or the functional demands and job duties of the occupation as generally required. Well, the questioning in this particular case was limited solely to the job as done by Mr. Berry, not to any other sort of hypothetical job that might be encompassed within that DOT. It wasn't presented at the hearing, and so there was no data about whether his physical limitations would impact these hypothetical other jobs. We, for example, don't know if he could ride a bike or a motorcycle. Exactly. We don't know because it just never came up. And I couldn't ask the vocational expert, what's the impact of the new federal law that says you've got to have drug testing and the states that follow that same principle? All right. I think we have the argument. Thank you both. It's an interesting case and arguments have been helpful. All right. The case is submitted.
judges: Tashima, Fisher, Berzon